NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Appellee,<br><br>    v.<br><br>SEDRIC WILLIAMS,<br><br>                    Defendant-Appellant. | No.    22-30155<br><br>D.C. No.<br>3:18-cr-00113-TMB-MMS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted May 23, 2024[**]
Anchorage, Alaska

Before:  BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Defendant Sedric Williams appeals his conviction for possession with intent

to distribute more than 100 grams of heroin under 21 U.S.C. §§ 841(a)(1),

(b)(1)(B)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams challenges the introduction of certain testimony by Agent Michael

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Burke, the Government's expert on drug trafficking. Because Williams did not object to the challenged testimony at trial, we review for plain error. To establish plain error, a defendant must demonstrate (1) error, (2) that was clear or obvious, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Williams argues that in opining on the meaning of texts found on cellphones in Williams's car, Burke offered lay testimony not based on his expertise, relying on hearsay and interpreting plain language that should have been left to the jury. The Government concedes that, to the extent Burke "ceased to apply his specialized knowledge of drug jargon and the drug trade and began to interpret ambiguous statements based on his general knowledge of the investigation," the district court should have instructed the jury on Burke's dual role. *United States v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007); *see also United States v. Vera*, 770 F.3d 1232, 1246 (9th Cir. 2014) ("In light of our Circuit's clearly expressed concerns about case agents testifying in both lay and expert capacities, the district court's failure to give an instruction explaining [the witness's] dual roles was plain error."). Further, at times Burke offered testimony that "consisted of either speculation or repetition of already clear statements," which was not permissible lay opinion under Rule 701. *Freeman*, 498 F.3d at 905.

Nevertheless, because there was "strong independent evidence" of Williams's guilt, any error here—even if obvious—did not affect his substantial rights. *United States v. Romero-Avila*, 210 F.3d 1017, 1023 (9th Cir. 2000). An error affects substantial rights if there is "a reasonable probability that the error affected the outcome of the trial." *Marcus*, 560 U.S. at 262.

At trial, the arresting officer testified that Williams led him on a high-speed car chase, crashed into a pole, then fled on foot, and that he saw Williams toss a weighted "plastic bag of some sort" to his left. The parties stipulated that the plastic bag found at the scene contained 122 grams of heroin. Burke's appropriate testimony on the quantity of heroin was sufficiently compelling evidence of intent to distribute. *See, e.g.*, *United States v. Johnson*, 357 F.3d 980, 984 (9th Cir. 2004) ("A jury can infer intent to distribute from possession of a large quantity of drugs."). Burke opined that possessing 122 grams of heroin is inconsistent with personal use. Specifically, Burke testified that 122 grams comprised 1,220 individual doses, that a typical user would use one-tenth to five-tenths of a gram per day, and that the value of 122 grams of heroin ranged from $36,000 to $61,000. Burke also appropriately testified that the scale, baggies, and three cellphones found in Williams's car were consistent with drug trafficking. Finally, Burke properly opined, based on his expertise, that several of the texts on the cellphones, received in the months before Williams's arrest, contained drug jargon referring to

heroin, including "I still need some slow" and "is there even a little bit of down I can work with, Bro?"[1]

Given this compelling, properly admitted evidence of intent to distribute, we are confident that any error in Burke's other testimony or in the lack of dual role instruction did not change the outcome of the trial.

**AFFIRMED.**

---

[1] Because we hold that any error did not affect Williams's substantial rights, we do not reach the fourth prong of the plain error test.